UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK LEMUS RONDON
MOREJON,

       Petitioner,

   v.                                                          Case No.:  2:26-cv-00720-SPC-NPM

EVERGLADES DETENTION
FACILITY,

       Respondent,

                                   /

## OPINION AND ORDER

Before the Court are petitioner Frank Lemus Rondon Morejon's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 14).

Rondon Morejon is a native of Cuba who was paroled into the United States in the 1990s and later became a lawful permanent resident.  Following convictions for vehicle theft, sale of stolen property, burglary, obstructing justice, battery, and kidnapping, an immigration judge ordered Rondon Morejon removed to Cuba on April 30, 2018.  Immigration and Customs Enforcement ("ICE") detained Rondon Morejon before releasing him on an order of supervision.

On January 22, 2026, local police arrested Ronon Morejon for driving on a suspended license and turned him over to ICE.  ICE revoked his release and

detained him.  Rondon Morejon challenges the legality of his detention because the removal period has expired.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Rondon Morejon's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Rondon Morejon has not carried his initial burden. He does not claim—much less show good reason to believe—that ICE cannot remove him in the reasonably foreseeable future.

Accordingly, it is hereby

**ORDERED:**

Frank Lemus Rondon Morejon's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record